UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS MOODY,

                    Plaintiff,

v.                                              Case No. 25-cv-14128
                                                Honorable Shalina D. Kumar
BRADLEY, *et al.*,                              United States District Judge

                    Defendants.

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

### I.     Introduction

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Cornelius Moody ("Moody") is presently confined at the Saginaw Correctional Facility in Freeland, Michigan. He brings claims concerning violations of his First and Eighth Amendment rights resulting from the delayed treatment of an infected spider bite. He sues Michigan Department of Corrections (MDOC) employees Correctional Officer (CO) Bradley, CO Phillips, CO Griffith, CO Alvarado, CO Cole, CO Stokes, Grievance Coordinator Vellanti, CO Stencil, and Deputy Warden Godfrey. He seeks monetary and injunctive-type relief.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.      Facts

Moody alleges that in November 2025, his leg became infected by a poisonous spider bite. ECF No. 1, PageID.9. He states that the wound showed visible "puss and blood" and subjected him to "continuous pain" and swelling. *Id*. When he approached defendants Bradley, Phillips, Griffith, Alvarado, Cole, Stokes, and Stencil about seeking medical treatment for his infection, each defendant disregarded his complaints, delaying his treatment and causing prolonged pain. *Id*. Moody then filed a grievance based on his ignored complaints. *Id*. He states that Vellanti retaliated against him by denying his grievance, and Godfrey encouraged defendants' unconstitutional behavior in his supervisory role. Moody states that the delayed treatment "caused internal damage and health complications." *Id*. at PageID.10.

## III.      Legal Standard

Moody has been granted *in forma pauperis* status. ECF No. 5. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon

2

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### IV.   Discussion

### A. Supervisory Liability

Moody seeks to hold Godfrey liable because of his supervisory position. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–

76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting Shehee, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th

5

Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Moody fails to allege any facts suggesting that Godfrey encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in that conduct. Moody's theory of liability is solely based on Godfrey's review of his grievances and alleged failure to take corrective action. He fails to allege any facts at all regarding Godfrey's involvement in his delayed treatment. Conclusory allegations of supervisory liability without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Moody fails to show that Godfrey was personally involved in delaying his medical treatment, he is dismissed from the complaint.

### B. Retaliation Claim

Moody alleges that Vellanti retaliated against him by denying his grievances. However, his complaint does not suggest any cause of action for retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378,

394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to the first element of a First Amendment retaliation claim, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). Although Moody engaged in protected conduct by filing a grievance, he has not shown that Vellanti took any adverse action by denying that grievance. The Sixth Circuit has clearly held that the denial of grievances does not give rise to liability under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). Moreover, many courts have held that the denial or refusal to process a grievance is not adverse action. *See, e.g., Cameron v. Gurnoe*, No. 2:19-cv-71, 2019 WL 2281333, at *4–5 (W.D. Mich.

May 29, 2019) (citing cases); *Branch v. Houtz*, No. 1:16-cv-77, 2016 WL 737779, at *6 (W.D. Mich. Feb. 25, 2016); *Ross v. Westchester Cnty. Jail*, No. 10 Civ. 3937(DLC), 2012 WL 86467, at *8 (S.D.N.Y. Jan. 11, 2012) (discussing that the refusal to file a grievance is, without more, insufficient to constitute an adverse action); *Stone v. Curtin*, No. 1:11-cv-820, 2011 WL 3879505, at *4 (W.D. Mich. Aug. 31, 2011) (concluding that the failure to process a prison grievance would not deter a prisoner of ordinary firmness from exercising his right to file a grievance); *Green v. Caruso*, No. 1:10-cv-958, 2011 WL 1113392, at *10 (W.D. Mich. Mar. 24, 2011) (finding that the denial of a prisoner's grievances was not sufficiently adverse to support a retaliation claim).

The Court is persuaded that Vellanti's denial of Moody's grievances alone fails to show an adverse action. Because Moody fails to state a cause of action for retaliation, his First Amendment retaliation claim against Vellanti is dismissed.

### C. Remaining Claims

Lastly, the Court concludes that Moody's deliberate indifference claims against defendants Bradley, Phillips, Griffith, Alvarado, Cole, Stokes, and Stencil are not subject to summary dismissal. While Moody may or may not

ultimately prevail on these claims, he has pleaded sufficient facts to state potential claims for relief.

## V.    Conclusion

For the reasons stated, the Court **DISMISSES** defendants Godfrey and Vellanti and the claims against them for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

The Court further concludes that Moody's claims against defendants Bradley, Phillips, Griffith, Alvarado, Cole, Stokes, and Stencil are not subject to summary dismissal.

**IT IS SO ORDERED**.

<u>s/Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge

Dated:  March 25, 2026

9